**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN L. LACEWELL, | : | |
| | : | |
| Plaintiff, | : | Civil No. 06-5628 (RMB) |
| | : | |
| v. | : | |
| | : | |
| DR. PENLOW, at el., | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    STEVEN L. LACEWELL, Plaintiff <u>pro</u> <u>se</u>
    #143656
    Atlantic County Justice Facility
    Mays Landing, New Jersey 08330

**Renée Marie Bumb, District Judge**


    THIS MATTER has come before the Court upon Plaintiff's filing of a complaint, pursuant to 42 U.S.C. § 1983, and submission of Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. In his Complaint, Plaintiff asserts that: (1) Plaintiff had a medical problem with Plaintiff's knee, <u>see</u> Compl. ¶ 3; (2) Defendant Penlow "lied to [Plaintiff] telling [Plaintiff that Plaintiff] had fluid in [his] knee [and] stuck two needles in [the] knee," <u>id.</u> ¶ 4; while (3) Plaintiff "went to [a] hospital [and the hospital doctor] said that [Plaintiff] had a spra[i]n[ed] knee, or ripped

1

ligaments." Id.  Naming "nurse Ann" as a Defendant, in addition to Dr. Penlow, but without stating any claims against "nurse Ann," Plaintiff now requests this Court "to do what is right within the law for these people would not do it again."  Id. ¶ 5 and at 6.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable

to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

Plaintiff has a protected right in being incarcerated at a place of confinement confirming to the standards set forth by the Eighth Amendment. The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). In its prohibition of "cruel and unusual punishments, the Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials . . . must take reasonable measures to guarantee

3

the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984), see Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. See Rhodes, 452 U.S. at 346, 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Id. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

Thus, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Persistent severe pain qualifies as a serious medical need. A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

"Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197.  Furthermore, deliberately delaying necessary medical diagnosis for a long period of time in order to avoid providing care constitutes deliberate indifference that is actionable.  See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993). Deliberate indifference is also evident where officials erect arbitrary and burdensome procedures that result in interminable delays and denials of medical care to suffering inmates.  See Lanzaro, 834 F.2d at 346-47.  However, neither inconsistencies or differences in medical diagnoses, nor refusal to consider inmate's self-diagnoses, to summon the medical specialist of the inmate's choice, to perform tests or procedures that the inmate desires, to explain to the inmate the reason for medical action or inaction, or to train the inmate to perform medical procedures can amount to cruel and unusual punishment.  See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) (mere disagreements over medical judgment do not state Eighth Amendment claims).

In the case at bar, Plaintiff asserts neither that his medical needs were unattended nor that he was deprived of a treatment.  See generally, Compl.  Plaintiff's sole claim is that the diagnosis

5

that he was given by Dr. Penlow differed from that Plaintiff obtained at another hospital, and the treatment performed by Dr. Penlow was deemed by Plaintiff unnecessary and not relieving Plaintiff's medical condition.  These allegations, however, fail to state a claim cognizable under Section 1983.  See id.  Therefore, Plaintiff's claims against Dr. Penlow will be dismissed with prejudice.  Plaintiff's claims against "nurse Ann," unspecified factually, will be dismissed without prejudice for failure to state a claim.

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint WITH PREJUDICE.

An appropriate order accompanies this Opinion.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: January 3, 2007